CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* CITY OF INDIANAPOLIS.

[No. 13,201. Filed March 13, 1929. Rehearing denied May 28, 1929.]

*Frank L. Littleton, Forrest Chenoweth* and *Harry N. Quigley,* for appellant.

*John W. Holtzman, Edward H. Knight* and *Smiley N. Chambers,* for appellee.

REMY, J.—Pursuant to the act of 1923 (Acts 1923 p. 425, §§10515-10525 Burns 1926), appellee city, by its board of public works, passed a resolution calling for the elevation of certain railroad tracks of appellant; the resolution necessarily called for the adjustment of grades of streets intersecting the railroad tracks to be elevated. After taking proper intermediate steps not here questioned, the board, on February 9, 1925, made its order for the elevation of the tracks referred to in the resolution, and, within fifteen days, on February 24, 1925, appellant, deeming itself aggrieved, appealed from the order, filing its complaint for appeal in the Marion Superior Court. At the time of filing the complaint, appellant filed a transcript of the proceedings before the board of public works. No bond for costs was filed. To the proceeding for appeal, appellee appeared and filed its motion to dismiss on the ground that the appeal had not been taken within ten days, and that no bond for costs had been filed, as required by the act of 1919 (Acts 1919 p. 625). The motion to dismiss was sustained, and from the order of the court dismissing the appeal, this appeal is prosecuted.

The act of 1919, *supra,* which act was in force at the time the appeal from the board of public works was

filed in the superior court, was an act which provided for the making of assessments for street improvements, for remonstrance by owners of real estate subject to be assessed, and for appeals from decisions of a city board of public works in such a proceeding. It was provided in the act that the petition must be filed in the circuit or superior court of the county in which the city is located within ten days after the final order of the board, and must be accompanied by a bond for costs. The act of 1919 (Acts 1919 p. 635, §10344 Burns 1926), which is a general act providing for appeals from decisions of boards of public works of cities, a statute enacted on the same day as the act of 1919 (Acts 1919 p. 625, *supra*) provides that all appeals from orders of a city board of public works shall be taken by filing a complaint in the circuit or superior court of the county where the city is located "within twenty days of the date of the action or decision . . . complained of," no bond being required. The act of 1923, *supra*, the act under which the board of public works of the city of Indianapolis adopted the track elevation resolution here involved, provides, as to appeals, that any "person, firm or corporation deeming itself aggrieved by such order of the board may appeal therefrom to the superior court of the county in which the city is located, within fifteen days from the entry of such order," and there is no provision in the statute for cost bond.

It is urged by appellee, and the trial court by ordering dismissal of the appeal held, that the track elevation proceeding instituted by the board of public works of the city was a proceeding for street improvement, and therefore governed by the act of 1919, p. 625, *supra*. On the other hand, appellant contends that the proceeding cannot properly be classed as a proceeding for street improvement, and that the appeal is governed by the track elevation act of 1923, *supra*, or by the act of 1919,

(Acts 1919 p. 635, *supra*), which is a general act providing for appeals from decisions of city boards of public works. The former allows fifteen days within which to appeal, the latter twenty days; and neither requires a cost bond.

In support of its contention that the appeal from the board was governed by the act of 1919 (Acts 1919 p. 625), appellee cites and relies on the case of *Morris* v. *City of Indianapolis* (1911), 177 Ind. 369, 94 N. E. 705. It is true that the Supreme Court, in the course of its opinion in that case, stated that the elevation of railroad tracks within the limits of a city is a street improvement, but the statement was used in the sense that the project was of such a character as to add to the safety of the public while using the streets, and, for that reason, brought the proceeding within the police power of the state. That is not equivalent to holding that the elevation of railroad tracks within a city is a street improvement within the meaning of the act of 1919 requiring appeals to be taken within ten days. Clearly, the appeal was not governed by the act of 1919, providing for appeals from decisions of a city board of public works as to improvement of streets, and did not have to be begun within ten days, giving bond for costs.

Whether appeal from the decision of the board of public works to the superior court was governed by the act of 1923, *supra*, or by the act of 1919 (Acts 1919 p. 635), it is unnecessary to decide, since the appeal as taken was in compliance with both of the statutes.

Reversed.